24-2138
*United States v. Liounis*

# In the
# United States Court of Appeals
## FOR THE SECOND CIRCUIT

---

AUGUST TERM 2025
No. 24-2138

**UNITED STATES OF AMERICA,**
*Appellee,*

v.

**PETER LIOUNIS,**
*Defendant-Appellant.*[*]

---

On Appeal from the United States District Court
for the Eastern District of New York

---

SUBMITTED: APRIL 30, 2026
DECIDED: JUNE 15, 2026

---

Before:    LYNCH, MENASHI, and KAHN, *Circuit Judges.*

The Federal Debt Collection Procedures Act provides that if "the debtor so requests … the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides." 28 U.S.C. § 3004(b)(2). The

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

district court interpreted the statute to afford discretion to deny a motion to transfer. We conclude, however, that the word "shall" means that transfer is mandatory when the debtor requests it. Pursuant to the reasoning of the Supreme Court in *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), the denial of the transfer is not subject to harmless error review. We therefore vacate the judgment and remand for the district court to entertain a renewed motion to transfer the proceedings to the district in which Liounis resides.

———————

Peter Liounis, *pro se*, Butner, NC.

Varuni Nelson (Daniel G. Saavedra, *on the brief*), Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Appellee*.

———————

MENASHI, *Circuit Judge*:

Peter Liounis timely moved the district court to transfer a pending garnishment action to the U.S. District Court for the Eastern District of North Carolina, the federal district court for the district in which Liounis then resided. The district court denied the motion and resolved the merits of the action. In the Federal Debt Collection Procedures Act, however, Congress provided that if "the debtor so requests," the action "*shall be* transferred to the district court for the district in which the debtor resides." 28 U.S.C. § 3004(b)(2) (emphasis added). This language means that transfer is mandatory when the debtor requests it. The Supreme Court has said that an erroneous failure to transfer venue is not subject to harmless error review. We

2

reach the same conclusion with respect to the failure of the district court to transfer the garnishment action in this case. We vacate the judgment and remand for the district court to consider a renewed motion to transfer the action to the district in which Liounis resides.

## I

In 2014, Liounis was convicted on nine counts of fraud and sentenced to 292 months of imprisonment and restitution of approximately $3.8 million.[1] Ten years later, the government moved pursuant to the Federal Debt Collection Procedures Act for a writ of garnishment to collect the required restitution payments from Liounis.[2] The government explained that Liounis had defaulted on his restitution payments and that it believed the law firm of Cannata, Hendele & Cannata, LLP would soon receive funds in which Liounis had a substantial nonexempt interest.[3] Those funds resulted from a settlement award from the September 11th Victims Compensation Fund relating to medical complications Liounis suffered from being incarcerated at the Metropolitan Correctional Center on September 11, 2001, in connection with an earlier fraud case.[4]

In accordance with the Federal Debt Collection Procedures Act, the clerk of court issued the writ of garnishment against the law firm

---

[1] *See* Judgment, *United States v. Liounis*, No. 12-CR-350 (E.D.N.Y. Aug. 26, 2014), ECF No. 249.

[2] *See* Application for a Writ of Continuing Garnishment, *United States v. Liounis*, No. 12-CR-350 (E.D.N.Y. May 2, 2024), ECF No. 327.

[3] *See* Letter, *United States v. Liounis*, No. 12-CR-350 (E.D.N.Y. June 10, 2024), ECF No. 333.

[4] *See* Answer of the Garnishee, *United States v. Liounis*, No. 12-CR-350 (E.D.N.Y. May 16, 2024), ECF No. 329.

and sent a notice to Liounis as the judgment debtor.[5] Seventeen days after that, Liounis, proceeding *pro se*, sent a letter objecting to the garnishment order.[6] In the letter, Liounis made several substantive objections to the garnishment order. He argued that the funds were statutorily exempt from garnishment, that the award of restitution was not included in the indictment, and that the district judge who had presided over his criminal case had a conflict of interest. Liounis also requested that the district court appoint counsel, afford him a hearing, and transfer the action and all further proceedings regarding the garnishment order to the U.S. District Court for the Eastern District of North Carolina, the federal district court for the district where Liounis was then incarcerated.

The district court denied Liounis's requests and objections. It held that the September 11th settlement funds were "not exempt from garnishment" under the Mandatory Victims Restitution Act. *United States v. Liounis*, No. 12-CR-350, 2024 WL 3470592, at *2 (E.D.N.Y. July 19, 2024); *see* 18 U.S.C. § 3613(a)(1) (providing that "property exempt from levy for taxes" pursuant to specified provisions of the Internal Revenue Code "shall be exempt from enforcement of the judgment under Federal law"). It further held that Liounis was not entitled to a hearing or to a transfer to the Eastern District of North Carolina. It denied the hearing because "Liounis's objection is baseless," concerned an issue that "is plain as a matter of statutory interpretation," and required "no factfinding." *Liounis*, 2024 WL

---

[5] *See* Order, *United States v. Liounis*, No. 12-CR-350 (E.D.N.Y. May 3, 2024), ECF No. 328.

[6] *See* Letter, *United States v. Liounis*, No. 12-CR-350 (E.D.N.Y. May 29, 2024), ECF No. 332 (objecting to the garnishment order in a letter mailed on May 20, 2024).

4

3470592, at *2. The district court said that "[a]n evidentiary hearing is therefore unnecessary." *Id.*

Interpreting the transfer-of-venue provision in the Federal Debt Collection Procedures Act, 28 U.S.C. § 3004(b)(2), the district court decided "that transfer 'is not mandatory,' and 'that venue can be denied under Section 3004(b)(2) if the government shows good cause to do so.'" *Id.* at *3 (alterations omitted) (quoting *United States v. O'Brien*, 851 F. App'x 236, 238 (2d Cir. 2021)). The district court explained that the Federal Debt Collection Procedures Act contains a separate provision that "grants district courts plenary authority to 'make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under the statute.'" *Id.* (quoting 28 U.S.C. § 3013). According to the district court, that provision authorizes the denial of a motion to transfer under § 3004(b)(2).

Liounis timely appealed. He argues, among other things, that the district court erred by denying his motion to transfer.[7]

## II

This appeal concerns the interpretation of the transfer-of-venue provision of the Federal Debt Collection Procedures Act. When we resolve an appeal, we "consider questions of statutory interpretation de novo." *Giovinco v. Pullen*, 118 F.4th 527, 530 (2d Cir. 2024).

---

[7] An order of garnishment is final and appealable. *See United States v. Yalincak*, 853 F.3d 629, 637-38 (2d Cir. 2017); *United States v. Shkreli*, 47 F.4th 65, 70 (2d Cir. 2022).

**A**

Before Congress enacted the Federal Debt Collection Procedures Act, the government could collect on the debts it was owed through state law procedures as modified by a federal statute that allowed nationwide execution. *See United States v. Thornton*, 672 F.2d 101, 103-04 (D.C. Cir. 1982). Congress aimed through the Federal Debt Collection Procedures Act "to create a comprehensive statutory framework for the collection of debts owed to the United States." *Small Bus. Ass'n v. Bensal*, 853 F.3d 992, 994 (9th Cir. 2017). The government may use the uniform procedures of the Act to collect payments owed pursuant to an order of restitution issued in a criminal case under the Mandatory Victims Restitution Act. *See United States v. Cohan*, 798 F.3d 84, 89 (2d Cir. 2015).

The Federal Debt Collection Procedures Act authorizes three forms of postjudgment relief for the government to collect debts it is owed: a writ of execution, a judgment ordering the debtor to make installment payments, and a writ of garnishment against property in possession of someone other than the debtor. 28 U.S.C. §§ 3203-05.[8] Regardless of the form of relief, in any "action or proceeding … to obtain a remedy, the counsel for the United States shall prepare, and [the] clerk of the court shall issue, a notice" that describes the action taken to collect the debt and the rights of the debtor or the garnishee to oppose it. 28 U.S.C. § 3202(b). The Act further provides that "[i]f the debtor so requests, within 20 days after receiving the notice described in section … 3202(b), the action or proceeding in which the

---

[8] The government may also utilize writs available under the All Writs Act. *See* 28 U.S.C. § 3202(a).

writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides." *Id.* § 3004(b)(2).

**B**

The Supreme Court has said that "the word 'shall' imposes a mandatory command" because "'[s]hall' means 'must.'" *Bufkin v. Collins*, 604 U.S. 369, 379 (2025). The Court has even emphasized this point in the context of a statutory provision about venue. The multidistrict litigation statute allows the judicial panel on multidistrict litigation to transfer "civil actions involving one or more common questions of fact" to "any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). The statute provides that "[e]ach action so transferred *shall* be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred." *Id.* (emphasis added).

The Supreme Court has explained that the "instruction" for the panel to remand "comes in terms of the mandatory 'shall,' which normally creates an obligation impervious to judicial discretion." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998). The Court said that it needed "to give effect to this plain command even if doing that will reverse the longstanding practice under the statute and the rule." *Id.* (citation omitted). The Court acknowledged that the argument "may or may not be correct that permitting transferee courts to make self-assignments would be more desirable than preserving a plaintiff's choice of venue … but the proper venue for resolving that issue remains the floor of Congress." *Id.* at 40. The policy argument cannot "unsettle the straightforward language imposing the [p]anel's responsibility to remand, which bars recognizing any self-assignment power in a transferee court." *Id.* Courts are "bound by a venue statute" that "categorically limits the

authority of courts … to override a plaintiff's choice." *Id.* at 42. "[I]n the circumstances described in the statute no discretion is to be left to a court faced with an objection" to the improper venue. *Id.*

Indeed, as a general matter, "[t]he requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction." *Olberding v. Illinois Cent. R. Co.*, 346 U.S. 338, 340 (1953). A party who has not "consented" to venue "has a right to invoke the protection which Congress has afforded him." *Id.*

In the transfer-of-venue provision of the Federal Debt Collection Procedures Act, Congress similarly used the mandatory "shall," and we accordingly must give effect to that plain command. 28 U.S.C. § 3004(b)(2). We agree with those circuits that have held that "because the plain language of this statute is mandatory, the district court must grant such a transfer as long as it is made in a timely manner." *United States v. Nash*, 175 F.3d 440, 442 (6th Cir. 1999); *see also United States v. Peters*, 783 F.3d 1361, 1364 (11th Cir. 2015) ("'Shall' creates an obligation not subject to judicial discretion."); *United States v. Brumbaugh*, 139 F.4th 1077, 1082 (9th Cir. 2025) ("We agree with our colleagues on the Sixth and Eleventh Circuits."). As it did in the multidistrict litigation statute, Congress provided in § 3004(b)(2) that "no discretion is to be left to a court faced with an objection" from the debtor to a venue outside the district in which he resides. *Lexecon*, 523 U.S. at 42.[9]

---

[9] The Seventh Circuit has held in an unpublished opinion that a district court may deny a debtor's "request to transfer the collection proceedings" because "in postjudgment proceedings, it is 'logical' and sound judicial administration to defer to the rendering court which is familiar with the underlying issues." *United States v. Furkin*, 165 F.3d 33, 1998 WL 846873, at *4 (7th Cir. 1998) (quoting *In re Joint E. & S. Districts Asbestos Litig.*, 22 F.3d

The district court decided that the mandatory language of § 3004(b)(2) could be overridden through a separate provision of the Federal Debt Collection Procedures Act that allows a district court to "at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter." 28 U.S.C. § 3013. The district court followed other district courts in concluding that § 3013 authorizes a departure from the otherwise mandatory transfer rule of § 3004(b)(2). *See, e.g.*, *United States v. Montijo*, No. 17-CR-518, 2021 WL 2470507, at *3 (S.D.N.Y. May 19, 2021) (concluding that "§ 3004(b)(2) does not deprive this [c]ourt of its authority, under § 3013, to vary 'the use of any enforcement procedure under the statute'" and that "in this case there is good cause for denying the transfer request").[10]

But those courts are wrong. The authority to "make an order" limiting or modifying "the use of any enforcement procedure" empowers the district court to regulate how the government enforces

---

755, 763 n.16 (7th Cir. 1994)). In that case the Seventh Circuit "paid insufficient attention to the language of [the] statutory provisions," so we decline to follow it. *Louisiana v. Callais*, 146 S. Ct. 1131, 1146 (2026).

[10] *See also EEOC v. 5042 Holdings Ltd.*, No. 09-CV-61, 2013 WL 1636577, at *6 (N.D. W. Va. Apr. 16, 2013) ("[A] transfer is not mandatory."); *FTC v. Affiliate Strategies, Inc.*, No. 09-4104, 2012 WL 2449869, at *1 (D. Kan. June 26, 2012) (holding that "[t]he FDCPA contains a transfer provision" but "this language is not mandatory"); *United States v. Mathews*, 793 F. Supp. 2d 72, 75 (D.D.C. 2011) ("[T]he FDCPA's transfer provision is not mandatory."); *United States v. Gipson*, 714 F. Supp. 2d 571, 576 (E.D. Va. 2010) ("[N]otwithstanding the 'shall be granted' language of § 3004(b)(2), the FDCPA vests courts with discretion to deny transfer where retaining jurisdiction would best effectuate the objectives of the MVRA.").

its debt obligations. 28 U.S.C. § 3013. Courts have held, for example, that the district court may modify the joinder provision of the Federal Debt Collection Procedures Act, which contemplates joinder on the motion of "the United States or the debtor," by joining necessary parties *sua sponte*. *FTC v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 320-21 (5th Cir. 2004) (quoting 28 U.S.C. § 3012). The district court may also be able to modify the final order of garnishment to limit or to expand the mechanisms for enforcing compliance. *See, e.g., United States v. Lawrence*, 538 F. Supp. 2d 1188, 1195 (D.S.D. 2008); *United States v. Ogburn*, 499 F. Supp. 2d 28, 30-31 (D.D.C. 2007); *United States v. Kaye*, 93 F. Supp. 2d 196, 198 (D. Conn. 2000).

But the transfer-of-venue provision does not implicate the use of an enforcement procedure. It instead "places a specific restriction *on the court*: to refrain from hearing the case and transfer the proceeding at the debtor's request." *Brumbaugh*, 139 F.4th at 1085 (emphasis added). The provision restricts how a court must adjudicate disputes that arise from the government's use of the enforcement procedures. It would eviscerate the protection that Congress afforded to debtors if the general authority of the court to modify the use of enforcement procedures were understood to override the specific restriction on the authority of the court to deny the debtor his choice of forum. The language of the statute does not require that contradictory result.

Even if the adjudicatory process could be considered the use of an enforcement procedure, "[i]t is a commonplace of statutory construction that the specific governs the general," *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992)), especially when "Congress has enacted a comprehensive scheme and has deliberately targeted specific problems with specific solutions,"

*id.* (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 519 (1996) (Thomas, J., dissenting)). The specific provision here reflects "a congressional judgment that in the circumstances described in the statute no discretion is to be left to a court." *Lexecon*, 523 U.S. at 42.

## C

In *Lexecon*, the Supreme Court held that a violation of the remand requirement in the multidistrict litigation statute could not be subjected to "the harmless-error doctrine." *Id.* at 41. The Court explained that "the § 1407(a) mandate would lose all meaning if a party who continuously objected to an uncorrected categorical violation of the mandate could obtain no relief at the end of the day." *Id.* at 43.

For parallel reasons, the "mandate" to transfer venue at the debtor's request "would also 'lose all meaning' if a debtor who timely requested a transfer could obtain no meaningful relief after the district court denied the request." *Brumbaugh*, 139 F.4th at 1086 (quoting *Lexecon*, 523 U.S. at 43). Courts have applied the logic of *Lexecon* to hold that "when venue is improper in a district court under other statutes, the proper remedy is to reverse rather than review for harmless error." *Id.*[11] We agree with the Ninth and Eleventh Circuits

---

[11] *See In re HTC Corp.*, 889 F.3d 1349, 1353 (Fed. Cir. 2018) ("[I]f after judgment venue is determined to have been improper, and the improper-venue objection was not waived, the appellants will be entitled to assert it on appeal and, if the objection is sustained, obtain from the appeals court an order vacating the judgment.") (internal quotation marks and alteration omitted); *SEC v. Johnson*, 650 F.3d 710, 716 (D.C. Cir. 2011) ("[R]eversal is the appropriate remedy for improper venue, even after a jury trial."); *United States ex rel. Harvey Gulf Int'l Marine, Inc. v. Md. Cas. Co.*, 573 F.2d 245, 247-48 (5th Cir. 1978) ("To embark upon the search for 'harmless error' would be to disregard the unambiguous [c]ongressional mandate that Miller Act

that a violation of the transfer-of-venue provision is not subject to harmless error review. *See Brumbaugh*, 138 F.4th at 1086-87; *Peters*, 783 F.3d at 1364.

The contrary decision of the Sixth Circuit is not persuasive. First, the Sixth Circuit did not address the *Lexecon* decision that resolved a closely related question. *See Nash*, 175 F.3d at 443. Second, the Sixth Circuit considered the factually idiosyncratic circumstance in which, "[a]t the government's expense, [the debtor] was transported from the federal correctional institution in El Reno, Oklahoma to the hearing" in the Eastern District of Michigan. *Id.* at 442. Because the debtor "suffered no financial hardship," the Sixth Circuit concluded that the purpose of the transfer-of-venue provision—to provide "the opportunity for a hearing" without imposing the "inconvenience or undue financial hardship" of traveling "far distances to attend"—was satisfied, and so the error was harmless. *Id.* at 443.[12]

## D

When we have previously considered an appeal involving a case that should have been transferred, we have exercised "our statutory and inherent authority to transfer [the] case." *Minette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) (citing *Bolar v. Frank*, 938

suits be brought in the district in which the contract was to be performed 'and not elsewhere.'").

[12] In light of our conclusion that the remedy for the erroneous denial of the motion to transfer is a remand for the district court to entertain a renewed motion, we do not address Liounis's argument that the district court erred by holding that he was not entitled to a hearing. That issue will be decided by the district court to which the action is transferred. *See, e.g.*, *United States v. Jennings*, 755 F. Supp. 3d 922, 928-29 (E.D.N.C. 2024) (denying a hearing when the debtor raised only legal objections).

F.2d 377, 379-80 (2d Cir. 1991)). We do not exercise that authority here, however, because Liounis may no longer reside in the Eastern District of North Carolina. According to the inmate locator of the Federal Bureau of Prisons, he has since moved to a residential reentry facility.[13] Rather than order a transfer to North Carolina, therefore, we vacate the judgment and remand for the district court to consider a renewed motion to transfer the proceedings to the district in which Liounis resides.

*     *     *

The district court might be correct that when a debtor "has not asserted any meritorious basis for contesting the garnishment proceedings … granting his request for a transfer would not be an efficient use of judicial resources." *Liounis*, 2024 WL 3470592, at *3. But "[n]o court can disregard any statutory provisions … on the ground that in its judgment they are unwise or prejudicial to the interests of the public." *United States v. Am. Bell Tel. Co.*, 167 U.S. 224, 247 (1897). Congress "may amend the statutory language," but "[u]ntil then, 'it is of course our job to apply faithfully the law Congress has written.'" *Lackey v. Stinnie*, 604 U.S. 192, 205 (2025) (quoting *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 89 (2017)). We vacate the judgment and remand for the district court to consider a renewed motion to transfer.

---

[13] *See* Federal Bureau of Prisons, Inmate Locator, https://perma.cc/ZQY5-YFGQ.